[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
This matter is before this Court on Gerald Brown's Second Application for Post-Conviction Relief pursuant to G.L. 1956 § 10-9.1-8.
 Facts and Travel
The substantive facts of the instant case are set forth in State v.Brown, 626 A.2d 228 (R.I. 1993). Brown was originally indicted upon four counts of sexual assault and child molestation that occurred between May 1984 and November 1988. Prior to trial, the State dismissed the fourth count of the indictment pursuant to Rule 48(a) of the Superior Court Rules of Criminal Procedure.
The case went to trial in January 1991 and a jury convicted Brown on the first three counts of the indictment. Brown was sentenced to 30 years on Counts 1 and 2 and 5 years on Count 3, all to be served concurrently. Brown's appeal was denied and his convictions were affirmed in State v.Brown, 626 A.2d 228 (R.I. 1993).
On February 2, 1994, Brown filed his first application for post-conviction relief, asserting ineffective assistance of counsel. A private attorney was appointed in that petition, and extensive hearings were held before Judge Needham. That petition was denied by Judge Needham in October 1995. Brown appealed the denial of the petition to the Rhode Island Supreme Court, which denied the appeal in Brown v. State,702 A.2d 1171 (R.I. 1997).
On April 18, 2000, Brown filed a second application for post-conviction relief on the basis of newly discovered evidence not presented at trial, along with a Motion for Appointment of Counsel. The Court appointed an attorney for Brown, who found Brown's petition to be without merit and made a Motion to Withdraw as counsel, which this Court granted.
Brown was permitted to proceed pro se on the petition. Since Brown's original filing of his second application for post-conviction relief, he has filed two amendments. The first of these amendments, filed on December 12, 2002, asserts that Brown is being held in violation of the parole statute, G.L. 1956 § 13-8-10. The second of these amendments, filed on July 10, 2003, makes claims with respect to the Statute of Limitations. Additionally, on July 17, 2003, Petitioner filed a pleading captioned "Correlation of Newly Discovered and Not Previously Presented Evidence to Trial Transcript."
On August 21, 2003, the State, pursuant to G.L. 1956 § 10-9.1-8, moved to dismiss Petitioner's application due to Petitioner's failure to raise these arguments in his first application for post-conviction relief. Additionally, the State submitted memoranda and case law in support of its position that Petitioner's claims lack any merit.
On April 6, 2004, this Court asked Petitioner to submit a memorandum, addressing each of Petitioner's claims, and explaining why Petitioner should be allowed a subsequent application for post-conviction relief. In his response, filed on April 16, 2004, Petitioner repeats the same three claims previously put forth, and maintains that he is entitled to a second application for post-conviction relief under § 10-9.1-8. Petitioner was also offered the opportunity to present testimonial or documentary evidence which he declined. This Court now addresses each of the issues that have been raised by Petitioner in his second application for post-conviction relief and all of his accompanying amendments and pleadings.
 Standard of Review
Rhode Island General Laws §§ 10-9.1-1 to 10-9.1-9, governs the statutory remedy of Post-Conviction Relief. The remedy is available to persons convicted of crimes who claim, inter alia, that the conviction violated their constitutional rights, or that newly discovered facts require vacation of the conviction in the interest of justice. G.L. § 10-9.1-1.Palmigiano v. State, 120 R.I. 402, 404, 387 A.2d 1382, 1385 (R.I. 1978).
This statute reads as follows:
 "10-9.1-1. Remedy — To Whom available- Conditions. — (a) Any person who has been convicted of, or sentenced for, a crime, a violation of law, or a violation of probationary or deferred sentence status and who claims:
 (1) that the conviction or the sentence was in violation of the constitution of the United States or the constitution or laws of this state;
 (2) that the court was without jurisdiction to impose sentence;
 (3) that the sentence exceeds the maximum authorized by law, or is otherwise not in accordance with the sentence authorized by law;
 (4) that there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice;
 (5) that his sentence has expired, his probation, parole, or conditional release unlawfully revoked, or he is otherwise unlawfully held in custody or other restraint; or
 (6) that the conviction or sentence is otherwise subject to collateral attack upon any ground of alleged error heretofore available under any common law, statutory or other writ, motion, petition, proceeding, or remedy; may institute, without paying a filing fee, a proceeding under this chapter to secure relief.
 (b) This remedy is not a substitute for nor does it affect any remedy incident to the proceedings in the trial court, or of direct review of the sentence or conviction. Except as otherwise provided in this chapter, it comprehends and takes the place of all other common law, statutory, or other remedies heretofore available for challenging the validity of the conviction or sentence. It shall be used exclusively in place of them.
In a proceeding under this Chapter, the petitioner generally bears the burden of proving his allegation by a preponderance of the evidence.Palmigiano v. Mullen, 119 R.I. 363, 377 A.2d 242 (1977).
A trial justice is permitted under § 10-9.1-6(b) to dismiss an application whenever, based upon the record, the application, and the answer, he or she finds that no genuine issue of material fact exists. The standard employed in making this determination is the same as motions pursuant to Super. R. Civ. P. 12(b)(6). Palmigiano, 120 R.I. at 404-05,387 A.2d at 1384.
Additionally, § 10-9.1-8 of the Rhode Island General Laws instructs a trial justice to deny a subsequent application for post-conviction relief if the issue raised could have been raised in the original application, unless the court finds that in the interest of justice the applicant should be allowed to proceed. That statute provides:
 "10-9.1-8 Waiver of or failure to assert claims — All grounds for relief available to an applicant at the time he or she commences a proceeding under this chapter must be raised in his or her original, or a supplemental or amended application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief, may not be the basis for a subsequent application, unless the court finds that in the interest of justice the applicant should be permitted to assert such a ground for relief."
 Newly Discovered Evidence
First, this Court addresses Petitioner's claim that he should be granted relief on the basis of newly discovered evidence not presented at trial. In support of his position, as set forth in his second application for post-conviction relief dated April 18, 2000, Petitioner provides a list of witnesses and documentation that he claims are material to his case.
Additionally, Petitioner has submitted a pleading captioned "Correlation of Newly Discovered and Not Previously Presented Evidence to Trial Transcript," filed on July 17, 2003, in which he claims that there is newly discovered evidence that was not available at the time of his original post-conviction relief proceeding. Specifically, Petitioner asserts that he should be granted post-conviction relief based on evidence tending to disprove the findings of Dr. Maureen Ryall, the expert who testified at Petitioner's trial. Petitioner references articles which allegedly refute the methods used by Ryall by demonstrating that the signs which Ryall found to be indicative of child abuse are common among many young girls who have not been abused. Additionally, Petitioner mentions articles that discuss the falsity of many child abuse allegations and the frequent rate at which such allegations are lodged by one parent against another in custody battles.
With respect to the information Petitioner sets forth in his second application, dated April 18, 2000, this Court finds that Petitioner is barred under § 10-9.1-8 from raising this issue in a second application. Petitioner provides no meaningful reason as to why he did not raise the issue of newly discovered evidence in his first application for post conviction relief. Based on the information Petitioner provided in his April 18, 2000, application, it is clear that all of the new evidence Petitioner references was available at the time of Petitioner's first application for post-conviction relief. Consequently, Petitioner's failure to raise the issue of newly discovered evidence with regard to this information bars him from relying on these grounds for relief at this time.
Furthermore, this Court finds that Petitioner's claim that he is entitled to post-conviction relief based on the new evidence he listed in his pleading captioned "Correlation of Newly Discovered and Not Previously Presented Evidence to Trial Transcripts," is without merit.
In analyzing a post-conviction relief application based on newly discovered evidence, the courts apply the standard used for awarding a new trial based on newly discovered evidence. See Brennan v. Vose,764 A.2d 168, 173 (R.I. 2001) (citing McMaugh v. State, 612 A.2d 725, 731
(R.I. 1992)). This standard consists of a two-part test. "The first part is a four-prong inquiry that requires that the evidence be (1) newly discovered since trial, (2) not discoverable prior to trial with the exercise of due diligence, (3) not merely cumulative or impeaching but rather material to the issue upon which it is admissible, [and] (4) of the type which would probably change the verdict at trial." State v.Hazard, 797 A.2d 448, 463-64 (R.I. 2002) (quoting State v. L'Heureux,787 A.2d 1202, 1207-08 (R.I. 2002)). For the second part of the inquiry, the hearing justice must exercise his or her discretion and determine whether the newly discovered evidence is credible enough to warrant relief. See Hazard, 797 A.2d at 464; Brennan, 764 A.2d at 173.
The Petitioner has not shown that the evidence he seeks to admit is newly discovered evidence. Petitioner does not provide any copies of the articles to which he refers, and the citations to the articles he submits are incomplete. Additionally, many of the publication dates Petitioner lists for these articles indicate that these articles were written well in advance of Petitioner's trial and his first application for post-conviction relief.
Moreover, without an expert to testify as to the meaning of the articles, these articles would be inadmissible as evidence. The Rhode Island Supreme Court, in accordance with the reporter's notes to Rule 803(18) of the Rhode Island Rules of Evidence, has held that learned treatises utilized for impeachment purposes must be authenticated as reliable by an expert witness. Flanagan v. Wesselhoeft, 765 A.2d 1203,1209 (R.I. 2001). Thus, even if the articles to which Petitioner refers had been only discoverable subsequent to Petitioner's trial and his first application for post-conviction relief, without an expert to testify as to their meaning and attest to their reliability, it is clear that these articles would be inadmissible. Accordingly, as Petitioner has not met the standard for awarding a new trial based on newly discovered evidence, Petitioner is not entitled to post-conviction relief due to newly discovered evidence.
 Statute of Limitations
This Court next addresses Petitioner's statute of limitations claim as set forth in his amended application for post-conviction relief. Petitioner contends that the former three-year statute of limitations for child molestation expired before he was indicted with the respect to some of the acts alleged in Counts 1 and 2. He argues that the statutory amendment to G.L. 1956 § 12-12-17 (P.L. 1985, ch. 195, § 1), which eliminated the three-year statute of limitations for such cases, became effective on June 25, 1985, and may not be applied retroactively to that portion of the offenses which fell outside the statute of limitations. Additionally, Petitioner maintains that it is impossible to determine whether the jury convicted him for conduct that occurred before or after the statute of limitations had expired.
The Rhode Island Supreme Court has "clearly and emphatically" held that "the statute of limitations is an affirmative defense that must be raised at trial or it is waived." Edmond J. Brown v. State of Rhode Island,841 A.2d 1116, 1121 (R.I. 2004) (quoting State v. Lambrechts,585 A.2d 645, 646 (R.I. 1991)). Here, Petitioner raised this issue for the first time in his second application for post-conviction relief. Consequently, Petitioner has waived any statute-of-limitations defenses and arguments.
Moreover, even if Petitioner had timely raised the statute-of-limitations defense, he would not have succeeded on the merits of this defense. In Edmond J. Brown v. State of Rhode Island,841 A.2d at 1121-22, the Rhode Island Supreme Court found that the amendment to the statute of limitations effectively prohibited this defense. The petitioner in that case was charged in pertinent part with three counts of child molestation for criminal acts occurring between May 4, 1984 to April 12, 1985 and asserted the statute of limitations defense. Id. The Supreme Court found the petitioner's argument to be without merit due to the fact that "§ 12-12-17 was amended in 1985 to include the newly enacted child-molestation statute as one of the crimes not subject to the statute of limitations." Id. It is therefore clear that even if Petitioner in the instant case had timely asserted the statute-of-limitations defense, he would not have succeeded on the merits.
 Interpretation of Parole Statutes
Finally, this Court addresses Petitioner's argument that he is being held in unlawful custody because he was denied parole after having served one third of his sentence. Petitioner contends that pursuant to G.L. 1956 §§ 13-8-9 and 13-8-10, the Parole Board is required to issue a parole permit to a prisoner who is serving a concurrent sentence and has served one third of his longest sentence.
Section 13-8-9 of the Rhode Island General Laws authorizes the Parole Board to grant parole permits to those prisoners under its supervision. Section 13-8-10 provides in pertinent part:
 "(a) If a prisoner is confined upon more than one sentence, a parole permit may be issued whenever he or she has served a term equal to one-third (1/3) of the aggregate time which he or she shall be liable to serve under his or her several sentences, unless he or she has been sentenced to serve two (2) or more terms, concurrently, in which case the permit shall be issued when he or she has served a term equal to one-third (1/3) of the maximum term he or she is required to serve."
It is Petitioner's position that § 13-8-10's use of the word shall rather than may in the clause relating to concurrent sentences mandates that the parole board grant parole to an applicant who has served one third of his concurrent sentences.
The Rhode Island Supreme Court, in DeCiantis v. State, 666 A.2d 410
(R.I. 1995), held that the clause in subsection (a) of § 13-8-10 relating to concurrent sentences cannot be read in isolation from the preceding clause. DeCiantis concerned a petitioner who was serving concurrent sentences and a consecutive life sentence. Id. at 411. The petitioner argued that according to the language of § 13-8-10 (a) relating to concurrent sentences, the parole board was required to grant him parole, despite the fact that he was subject to a consecutive life sentence. Id.
at 413. Although the Court found that the petitioner was subject to §13-8-13 rather than § 13-8-10, the DeCiantis Court declared that the interpretation of § 13-8-10 suggested by the petitioner "would be contrary to public policy and in contravention of the clear intent of the Legislature." Id.
Similarly, in the case at bar, the Petitioner's interpretation runs contrary to the legislature's clear intent in enacting § 13-8-10. Our Supreme Court has consistently held that it "`will not construe a statute to reach an absurd [or unintended] result.'" State v. Ceraso,812 A.2d 829, 834 (R.I. 2002) (citing Hargreaves v. Jack, 750 A.2d 430,435 (R.I. 2000)) (quoting Kaya v. Partington, 681 A.2d 256, 261 (R.I. 1996)). Here, Petitioner's fervent reliance on the use of the word "shall" as opposed to "may" ignores the entirety of the statute. The word "shall" in the context of § 13-8-10 is used to indicate the method to be employed by the parole board in calculating the "one third of the aggregate time" requirement for those serving concurrent sentences, as opposed to those serving consecutive sentences. Nothing in § 13-8-10
suggests that the parole board's discretion as to whether to issue parole permits suddenly vanishes when someone is serving concurrent sentences. Under Petitioner's approach to § 13-8-10, the granting of parole to those serving concurrent sentences would be mandatory regardless of a prisoner's behavior during his detention. Such an interpretation is clearly contrary to the legislature's intent. This Court agrees with the New Jersey Supreme Court's position in Jersey City v. State Board of TaxAppeals, 43 A.2d 799, 804 (N.J. 1945), that "[t]he mandatory sense to the word `shall' should not be given if by so doing the door to miscarriages of justice should be opened."
Furthermore, § 13-8-14 entitled "Release criteria" confirms that the parole board retains discretion when making determinations as to whether to issue parole permits under § 13-8-10. That statute provides that the parole board shall not grant a permit unless the parole board finds that certain necessary criteria have been met. Thus, it is indisputable that a parole board reviewing an applicant's petition for parole has the discretion to deny that application when it appears to the parole board that the prisoner has failed to satisfy certain necessary qualifications. This is true irrespective of whether the applicant is serving concurrent or consecutive sentences. Consequently, Petitioner's argument with regard to the interpretation of the parole statutes is without merit.
 Conclusion
For the foregoing reasons, this Court denies and dismisses Petitioner's second application for post-conviction relief.